# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dean Eugene Gamble, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-0804** (Pocahontas County 14-C-13)

**Mark A. Williamson, Warden,**
**Denmar Correctional Center, and**
**West Virginia Parole Board,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Dean Eugene Gamble, Jr., appearing *pro se*, appeals the June 12, 2014, order of the Circuit Court of Pocahontas County dismissing his petition for a writ of habeas corpus as moot. Respondents Mark A. Williamson, Warden, Denmar Correctional Center and West Virginia Parole Board, by counsel Derek A. Knopp, filed a summary response and a motion to dismiss. Petitioner filed a response to the motion to dismiss.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was incarcerated as a result of his convictions for conspiracy to commit a felony, delivery of a schedule II controlled substance (cocaine), and failure to register as a sex offender. On February 23, 2013, petitioner was granted release on parole. Subsequently, petitioner was charged with violating the terms and conditions of his parole by not remaining at the residence approved for his parole on May 31, 2013. At the September 5, 2013, parole revocation hearing, petitioner pled guilty to the parole violation and respondent board revoked his parole. Petitioner was re-incarcerated at Denmar Correctional Center in Pocahontas County, West Virginia.

On March 26, 2014, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Pocahontas County alleging that respondent board's revocation of his parole constituted legal error. Subsequently, respondents filed a motion to dismiss the petition as moot because petitioner was being placed back on parole subject to the approval of his proposed residence. Petitioner filed objections that his release on parole would not render his habeas petition moot. On June 12, 2014, the circuit court granted respondents' motion and dismissed the petition as moot finding that "this matter has been resolved by the granting of parole[.]"

1

Petitioner was not immediately released on parole. However, during the pendency of his appeal of the circuit court's June 12, 2014, order, petitioner informed this Court that his proposed residence had been approved, and the relevant authorities have confirmed that petitioner is now released on parole.

Petitioner now appeals the circuit court's June 12, 2014, dismissal of his petition to this Court. We review a circuit court's dismissal of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1 *Cline v. Mirandy*, 234 W.Va. 427, __, 765 S.E.2d 583, 584 (2014) (internal quotations and citations omitted). In addition, "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 80, 640 S.E.2d 142, 143 (2006) (internal quotations and citations omitted).

On appeal, petitioner argues that his release on parole did not render his habeas petition moot. *See McCabe,* 220 W.Va. at 85, 640 S.E.2d at 148 (2006) (declining to decide whether inmates on parole are no longer "incarcerated under sentence of imprisonment" for purposes of seeking post-conviction habeas corpus relief under West Virginia Code §§ 53-4A-1 to -11). Respondents counter that in our opinion in *Cline*, which was issued after petitioner's appeal was filed, we settled the question of whether parolees in the state penal system may file habeas petitions by holding that they may not. *See* Syl. Pt. 3, 234 W.Va. at __, 765 S.E.2d at 584. We agree with respondents that our decision in *Cline* is dispositive of this case. Accordingly, we determine that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition because it has been rendered moot.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II